IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RANDY CATHELL | : | |
| | : | |
| Plaintiff, | : | CASE NO. |
| | : | |
| v. | : | TRIAL BY JURY DEMANDED |
| | : | |
| DOVER DOWNS HOTEL & CASINO | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

## THE PARTIES

1. Plaintiff, Randy Cathell ("Plaintiff") was at all times relevant to this complaint a resident of Dover, Delaware.

2. Defendant, Dover Downs Hotel and Casino ("Defendant") is a public corporation organized and existing under the laws of the State of Delaware.

## JURISDICTION

3. This Court has jurisdiction based upon the existence of a question arising under the laws of the United States of America. This action arises under Title VII, of the Civil Rights Act of 1954, 42 U.S.C. §2000e, et.seq., as amended by the Civil Rights Act of 1991, §704 of Title VII. Accordingly, this Court has jurisdiction over the controversy based upon the provisions of 42 U.S.C. §2000e-5(f)(3) as well as 28 U.S.C. §§1331 and 1334.

4. In addition, the action is also brought pursuant to The Family and Medical Leave Act (FMLA), 29 U.S.C. §2601 et seq for injunctive relief only.

## VENUE

5. The unlawful employment practices alleged herein were committed within the State of Delaware. Accordingly, venue lies in the United States District Court for the District of Delaware under 42 U.S.C. §1339(b).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Prior to the filing of this action, the plaintiff timely filed a written charge of disability and retaliation with the Delaware Department of Labor and the Equal Employment Opportunity Commission on February 8, 2018 which occurred during his employment with Dover Downs Hotel & Casino.

7. On or about July 9, 2019 the EEOC issued Plaintiff a "Right to Sue Notice" which was received by Plaintiff. Right to Sue Notice attached as Ex. 1.

## I. The Facts

### CATHELL IS VIEWED AS A MODEL EMPLOYEE PRIOR TO TAKING FMLA.

8. Randy S. Cathell was originally hired on January 28, 2008 as a Banquet Captain in the Food & Beverage Department.

9. Prior to his FMLA leave, Cathell enjoyed positive employment reviews and was viewed as an outstanding employee.

10. It was only after Cathell's October 6, 2015 FMLA leave and "flare ups" related to his multiple sclerosis (MS) that Dover Downs began "papering" his personnel file with performance issues.

11. Mr. Cathell suffers from MS which has always been known by Dover Downs.

12. On October 6, 2015, Mr. Cathell applied for and was granted continuous FMLA leave/short term disability. The leave was granted based on "flare-ups" related to Cathell's MS.

13. Dover Downs' Human Resources approved the leave.

14. From October 15 thru December 3, Cathell was out on FMLA leave. On Cathell's first day back, he was called into a meeting with Jim Lake and Mike Daniels who ran through new procedures that Cathell would need to follow.

15. Lake and Daniels informed Cathell they were not pleased with Cathell's work performance despite the fact that he was out on FMLA last month.

16. Cathell filed an internal complaint about being disciplined based on his disability and taking medical leave.

17. After filing the complaint, Dover Downs failed to follow up with Cathell or even investigate the complaint. Right after filing the complaint, Cathell received another write up from Dover Downs regarding items not being put away properly after

New Year's Eve. However, Cathell undertook the normal procedure and the items were put away on the next day (which is normal procedure).

18. Cathell took FMLA for about one month from March 16th through April 16th.

19. On August 15, 2017, Cathell's application for FMLA was approved.

20. However, on September 6, 2017, Cathell was suspended for one week and one day.

21. In addition, Cathell was harassed as a result of his MS and need for medical leave.

22. On several occasions, Cathell's keys were stolen, paperwork was taken from his desk, and his car was blocked in at the end of the night.

23. Despite numerous complaints about this, Dover Downs did nothing.

24. Cathell was terminated on October 14, 2017, approximately two years after he began requesting FMLA leave.

**DOVER DOWNS' VIOLATED CATHELL'S RIGHT PURSUANT TO THE AMERICAN WITH DISABILITIES ACT AND FAMILY MEDICAL LEAVE ACT.**

25. Both the Americans with Disabilities Act ("ADA") and the federal Family and Medical Leave Act ("FMLA") provide for "guarantees" that Dover Downs cannot discriminate against Cathell for his medical issues or taking medical leave.

26. Here, the conditions of Cathell's employment were altered in several ways after taking FMLA leave. They included:

- Retaliation for taking approved medical leave.

- Disciplined one day after coming back from leave.

- Extreme scrutiny after coming back from leave.

- Suspension and Termination.

- Failure to investigate Cathell's charges of discrimination.

27. By changing the terms and conditions of his employment as outlined above, Dover Downs violated the Family Medical Leave Act.

28. The Americans with Disabilities Act (ADA) is a federal law that prohibits discrimination against individuals with disabilities.

29. Title I of the ADA covers employment by private employers with 15 or more employees as well as state and local government employers.

30. The ADA has two separate components: (1) a prohibition against differential treatment of disabled employees; and (2) an affirmative duty to reasonably accommodate disabled employees, who can perform the essential functions of their position, unless doing so would impose an undue hardship on the employer.

31. Here, Mr. Cathell was discriminated because of his disability. As a result of "flare-ups" related to his MS. Mr. Cathell took time off pursuant to his rights.

32. After Cathell's disability began impacting Dover Downs, they began

"papering" his file with exaggerated or false allegations regarding his work performance.

33. Prior to Mr. Cathell's "flare-ups", he received positive performance reviews. After Cathell complained about the discrimination, Dover Downs failed to investigate his claims of discrimination.

## COUNT I-DISABILITY DISCRIMINATION-
## DELAWARE PERSONS WITH DISABILITIES ACT AND AMERICANS WITH DISABILITIES ACT-
## FAILURE TO ACCOMODATE AND TERMINATION OF EMPLOYMENT

34. Paragraphs 1 through 33 are hereby realleged and incorporated herein by reference as if fully set forth herein.

35. Such acts as described above by Defendant, Dover Downs, its agents and employees, constitute unlawful disability discrimination against Plaintiff in violation of 19 Del. Code §711 et. seq and the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et. seq.

36. Defendant Dover Downs unlawfully discriminated and terminated Cathell because of his disability and the symptoms of his disability.

37. As a direct and proximate result of Defendant's unlawful discrimination, in the nature of disability discrimination, by and through its agents and employees, Plaintiff Cathell has been injured and has suffered and will continue to suffer pain, fear, humiliation, anxiety, depression, mental anguish, emotional distress, physical manifestation of anxiety and potential lost wages and lost benefits.

## COUNT II - FMLA DISCRIMINATION

38. The plaintiff incorporates herein and makes a part hereof the allegations contained in paragraphs 1 through 37.

39. Here, Plaintiff took medical leave and was a member of a protected class.

40. Plaintiff was terminated due to his taking medical leave.

41. As a direct and proximate result of defendant's unlawful discrimination, in the nature of discrimination and retaliation by and through its agents and employees, Plaintiff has been injured and has suffered and will continue to suffer pain, fear, humiliation, anxiety, depression, mental anguish, emotional distress, physical manifestation of anxiety, lost wages, and lost benefits.

## COUNT III- RETALIATION

42. Plaintiff hereby incorporates by reference all previous paragraphs as though set forth in full herein.

43. Such acts as described above by Defendant, Dover Downs, its agents and employees constitute unlawful retaliation against Plaintiff for having complained of discrimination and harassment. In addition, Dover Downs terminated Plaintiff for taking FMLA Leave.

44. As a direct and proximate result of Defendants' unlawful retaliation, by and through its agents and employees, Plaintiff has been injured and has suffered and will continue to suffer pain, fear, humiliation, anxiety, depression, mental anguish, emotional distress, physical manifestation of anxiety and lost wages and lost benefits.

**WHEREFORE**, Plaintiff requests this Honorable Court to enter a judgment in his favor and against the defendant as follows:

a. Declare the conduct engaged in by the defendant be in violation of the plaintiff's statutory rights.

b. Ordering the rehiring of the plaintiff at a level which is commensurate with his time and experience, or in lieu thereof granting the plaintiff front pay, to compensate his pecuniary losses, which he will suffer as a result of the wrongful conduct of the defendant.

c. Award the plaintiff back pay compensation for his pecuniary losses from the date of the wrongful conduct described herein until the date of any judgment.

      d.     Award the plaintiff sufficient funds to compensate him for his losses, pain and mental suffering, which cannot otherwise be compensated by equitable relief.

      e.     Award the plaintiff compensatory and punitive damages not otherwise specified.

      f.     Award the plaintiff any and all other liquidated damages, which would make the plaintiff "whole".

      g.     Award the plaintiff attorney fees, the costs of this action, pre-judgment and post judgment interest, and;

      h.     Such other and further relief as this Court feels proper.

**THE POLIQUIN FIRM:**

/s/ Ronald G. Poliquin
RONALD G. POLIQUIN, ESQUIRE
Delaware Bar ID No. 4447
155 South Bradford Street, Suite 203
Dover, DE 19904
(302) 702-5500
*Attorney for Plaintiff*

Dated: October 7, 2019